```
           IN THE UNITED STATES DISTRICT COURT FOR THE

                       DISTRICT OF NEBRASKA

PAMELA FILTER,                 )
                               )
            Plaintiff,         )          8:07CV393
                               )
     v.                        )
                               )
MINNESOTA LIFE INSURANCE       )          MEMORANDUM AND ORDER
COMPANY,                       )
                               )
            Defendant.         )
_____)
```

This matter is before the Court on defendant Minnesota Life Insurance Company's ("Minnesota Life") motion for summary judgment (Filing No. 33). Upon review of the motion, the briefs and evidentiary submissions of the parties, the Court finds that Minnesota Life's motion should be granted in part and denied in part.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A material issue is genuine if it has any real basis in the record. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

On a motion for summary judgment, the Court must view all evidence and inferences in the light most favorable to the nonmoving party.  *Anderson*, 477 U.S. at 250.  However, the nonmoving party may not rest on the mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  If the plaintiff fails to make a sufficient showing on each essential element of his claim, summary judgment will be granted because a complete failure of proof regarding an essential element necessarily renders other facts immaterial.  *Id.* at 322-23.

Plaintiff Pamela Filter ("Filter") asserts claims for breach of contract, estoppel, and bad faith.  Minnesota Life asserts its liability is discharged by accord and satisfaction and moved for summary judgment on all counts.  The Court finds Minnesota Life's motion should be granted with respect to Filter's claim for bad faith and should be denied in all other respects.

Filter claims Minnesota Life denied her claim for accident benefits in "bad faith."  To establish bad faith, Filter must show:

> (1) Minnesota Life had an absence of a reasonable basis for denying the benefits of the insurance policy, and

> (2) Minnesota Life knew or had a reckless disregard of the lack of a reasonable basis for denying the claim.

-2-

*Radecki v. Mut. of Omaha Ins. Co.*, 255 Neb. 224, 229, 583 N.W.2d 320, 325 (1988).

An insurance company may dispute a "fairly debatable" claim without being subject to a bad faith claim. *Williams v. Allstate Indem. Co.*, 266 Neb. 794, 799, 669 N.W.2d 455, 460 (2003). Whether the insurance company had an arguable basis for denying a claim is based on the information available to the insurer at the time of the decision and is appropriately decided by the court as a matter of law. *LeRette v. Am. Med. Sec., Inc.*, 270 Neb. 545, 556 (2005).

There is no dispute as to the information Minnesota Life had when it made its decisions to deny coverage. Initially, Filter asserted her claim by phone on November 20, 2005. Based on the phone conversation, a Minnesota Life employee documented the insured's cause of death as "cancer." As a result, Minnesota Life sent Filter a letter on December 9, 2005, denying Filter's claim and stated that Filter could challenge its decision by sending additional documentation. Filter sent additional documentation in January 2006, including a death certificate. The death certificate stated the insured's cause of death was respiratory arrest "due to or as a consequence of" metastatic colon cancer. Consequently, Minnesota Life again denied coverage. About one year later, Filter notified Minnesota Life that she was challenging its denial of coverage. Minnesota Life further investigated the claim and affirmed its earlier decisions.

Based on the information known to Minnesota Life at the time each decision to deny coverage was made, Minnesota Life had a reasonable basis to believe the insured's death was caused by cancer rather than an accident, as covered by Filter's insurance policy.  Therefore, Minnesota Life's motion for summary judgment on Filter's claim for bad faith should be granted.

With respect to the remaining issues in Minnesota Life's motion, the Court finds that genuine issues of material fact exist which preclude summary judgment.  Accordingly,

IT IS ORDERED that defendant's motion for summary judgment (Filing No. 33) is granted in part as it relates to Filter's claim for bad faith and denied in all other respects.

DATED this 7th day of August, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court